UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

CARLOS GANDARILLAS,
    Plaintiff,
vs.
EXPERIAN INFORMATION SOLUTIONS, INC., and
TRANS UNION, LLC,
    Defendants.
_____/

# COMPLAINT
**(Jury Demand)**

## Introduction

1. This is an action for actual and statutory damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, (''FCRA'').

## Jurisdiction

2. This Court has jurisdiction according to 15 U.S.C. § 1681p, 28 U.S.C. §1331, and 15 U.S.C. § 1337(a).

## Venue

3. Venue in this District is proper, according to 28 U.S.C. §1391.

## Parties

### *Gandarillas*

4. Plaintiff **CARLOS GANDARILLAS** ("GANDARILLAS") is a natural person residing in Miami-Dade County, Florida.

5. GANDARILLAS is a "consumer" according to 15 U.S.C. § 1681a(c).

## *Experian*

6. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") is a business entity that regularly conducts business in Miami-Dade County, Florida, and has a principal place of business located in Allen, Texas.

7. EXPERIAN is a "consumer reporting agency" according to 15 U.S.C. § 1681a(f).

8. EXPERIAN is regularly engaged in the business of assembling, evaluating and distributing information concerning consumers for the purpose of furnishing "consumer reports" to third parties, according 15 U.S.C. § 1681a(d).

9. EXPERIAN provides such consumer reports to third parties in exchange for money.

## *Trans Union*

10. Defendant TRANS UNION LLC ("TRANS UNION") is a business entity that regularly conducts business in Miami-Dade County, Florida, and has a principal place of business located in Chester, Pennsylvania

11. TRANS UNION is a "consumer reporting agency" according to 15 U.S.C. § 1681a(f).

12. TRANS UNION is regularly engaged in the business of assembling,

evaluating and distributing information concerning consumers for the purpose of furnishing "consumer reports" to third parties, according 15 U.S.C. § 1681a(d).

13. TRANS UNION provides such consumer reports to third parties in exchange for money.

## Facts

14. On 1 September 2009, GANDARILLAS obtained a bankruptcy discharge of his debts in the United States Bankruptcy Court for the Southern District of Florida, Case No. 08-28145-RAM.

### *Experian*

15. On or about March 2010, GANDARILLAS received a consumer report from EXPERIAN dated 3 March 2010.

16. EXPERIAN's consumer report contained the following incorrect information:

   a. GMAC MORTGAGE account # 41501*** was shown as discharged through bankruptcy even though it was paid directly outside the bankruptcy proceeding and GANDARILLAS continues to pay the loan;

   b. CHASE STUDENT LN SERVIC account # ********** was shown as discharged through bankruptcy even though it was not discharged and GANDARILLAS continues to pay the loan;

   c. CHASE STUDENT LN SERVIC account # ********** [2nd account]

was shown as discharged through bankruptcy even though it was not discharged and GANDARILLAS continues to pay the loan;

d. GEMB/SOUND ADVICE account # 603009022338*** was shown as discharged through bankruptcy even though GANDARILLAS paid the loan through the bankruptcy proceeding.

17. On or about March 2010 GANDARIALLAS disputed with EXPERIAN the incorrect information pertaining to the GMAC MORTGAGE, CHASE STUDENT LN SERVIC and CHASE STUDENT LN SERVIC [2nd account].

18. Instead of conducting an independent investigation of GANDARILLAS's dispute, EXPERIAN only contacted GMAC, GEMB and CHASE.

19. On or about 7 April 2010 EXPERIAN responded to GANDARILLAS' dispute and continued to report the incorrect information.

20. On 12 April 2010 GANDARILLAS called EXPERIAN to dispute the incorrect information pertaining to GMAC MORTGAGE, CHASE STUDENT LN SERVIC and the CHASE STUDENT LN SERVIC [2nd account].

21. Instead of conducting an independent investigation of GANDARILLAS's dispute, EXPERIAN only contacted GMAC, GEMB and CHASE.

22. On 28 April 2010 EXPERIAN responded to GANDARILLAS' dispute

and continued to report the incorrect information.

23. On 28 April 2010 GANDARILLAS called EXPERIAN to dispute the incorrect information pertaining to GMAC MORTGAGE, CHASE STUDENT LN SERVIC, CHASE STUDENT LN SERVIC [2nd account] and the GEMB/SOUND ADVICE account.

24. On 29 April 2010 GANDARILLAS wrote to EXPERIAN and again disputed the incorrect information pertaining to GMAC MORTGAGE, CHASE STUDENT LN SERVIC, CHASE STUDENT LN SERVIC [2nd account] and the GEMB/SOUND ADVICE account.

25. Instead of conducting an independent investigation of GANDARILLAS's dispute, EXPERIAN only contacted GMAC, GEMB and CHASE.

26. On 29 April 2010 EXPERIAN responded to GANDARILLAS' dispute and continued to report the incorrect information.

27. On 10 May 2010 EXPERIAN told GANDARILLAS that it had declined to investigate his disputes further unless he sent EXPERIAN "relevant information to support your claim".

28. However, previously on 29 April 2010, GANDARILLAS had already provided to EXPERIAN a printout from the *National Data Center | Chapter 13 Bankruptcy* Claim Summary and his Chapter 13 Plan substantiating his dispute.

29. On 10 May 2010 GANDARILLAS called EXPERIAN to discuss the incorrectly reported information pertaining to the GMAC MORTGAGE, CHASE STUDENT LN SERVIC, CHASE STUDENT LN SERVIC [2nd account] and the GEMB/SOUND ADVICE account.

30. Instead of conducting an independent investigation of GANDARILLAS's dispute, EXPERIAN only contacted GMAC, GEMB and CHASE.

31. On 11 May 2010 EXPERIAN sent GANDARILLAS a report still showing the incorrectly reported information pertaining to the GMAC MORTGAGE, CHASE STUDENT LN SERVIC, CHASE STUDENT LN SERVIC [2nd account] and the GEMB/SOUND ADVICE account.

32. On 4 June 2010 GANDARILLAS obtained an online report from EXPERIAN incorrectly reported information pertaining to the GMAC MORTGAGE, CHASE STUDENT LN SERVIC, and the CHASE STUDENT LN SERVIC [2nd account] account.

33. On 14 January 2011 GANDARILLAS disputed the GMAC MORTGAGE, CHASE STUDENT LN SERVIC, and the CHASE STUDENT LN SERVIC [2nd account] account.  GANDARILLAS sent a copy of the dispute letter to GMAC MORTGAGE and CHASE STUDENT LN SERVIC.

34. Instead of conducting an independent investigation of

GANDARILLAS's dispute, EXPERIAN only contacted GMAC, GEMB and CHASE.

35. On 27 January 2011 EXPERIAN sent GANDARILLAS a report incorrectly reporting the information pertaining to the GMAC MORTGAGE, CHASE STUDENT LN SERVIC (now listed as "CHASE"), CHASE STUDENT LN SERVIC [2nd account] (now listed as "CHASE") and the GEMB/SOUND ADVICE account.

36. On 5 March 2011 GANDARILLAS obtained a printout of an EXPERIAN report incorrectly reporting the information pertaining to the GMAC MORTGAGE, CHASE STUDENT LN SERVIC (now listed as "CHASE"), CHASE STUDENT LN SERVIC [2nd account] (now listed as "CHASE") and the GEMB/SOUND ADVICE account.

37. On 1 October 2010 GANDARILLAS applied for a mortgage refinancing with Power 1 Credit Union and was denied credit based on a consumer report provided to Power 1 Credit Union by EXPERIAN.

38. At all relevant times, EXPERIAN reported the incorrect information about GANDARILLAS's to users of its consumer reports.

39. As a result of the reporting of the incorrect information in the consumer reports, GANDARILLAS has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, diminished credit reputation, decreased credit

score, monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related actual and opportunity costs.

40. As a result of the reporting of the consumer information in the consumer reports, GANDARILLAS has suffered mental and emotional pain, humiliation and embarrassment.

41. EXPERIAN's investigations of GANDARILLAS's disputes consisted of sending information to CHASE, GMAC, and GEMB and then letting CHASE, GMAC and GEMB do their own investigation, and then parroting the result of those investigations.

42. Thus, EXPERIAN did not independently investigate GANDARILLAS's disputes that the information in his consumer reports and consumer file was inaccurate.

43. Even though GANDARILLAS provided EXPERIAN with ample proof that the information it was reporting about him was inaccurate, EXPERIAN stuck to its procedure of merely parroting the results of the information it received from its furnishers of information.

44. Had EXPERIAN used a procedure whereby it conducted its own independent investigation--when faced with proof that the information supplied by

its furnishers was inaccurate--EXPERIAN would not have reported inaccurate information about GANDARILLAS.

45. EXPERIAN' practice of merely parroting the results of its furnishers' investigations is not a reasonable procedure which assures maximum possible accuracy in the preparation of consumer reports and consumer files.

### *Trans Union*

46. On 13 July 2010, GANDARILLAS received an online consumer report from TRANS UNION.

47. TRANS UNION's consumer report contained the following incorrect information:

   a. GMAC MORTGAGE # 41501*** shows as a bankruptcy account even though the account was paid directly outside of the bankruptcy proceeding;

   b. BAC HOME LOAN SERV LP # 1283*** was not reported as closed even though the debt was discharged through bankruptcy.

48. On 14 July 2010 GANDARIALLAS disputed with TRANS UNION the incorrect information pertaining to the GMAC MORTGAGE account.

49. Instead of conducting an independent investigation of GANDARILLAS's dispute, TRANS UNION only contacted GMAC.

50. On 21 July 2010 TRANS UNION responded to the dispute and continued to report incorrectly the GMAC MORTGAGE account, including

reporting that the balance on the account was $0.

51. On 27 July 2010 GANDARILLAS again notified TRANS UNION that it continued to report the GMAC MORTGAGE account incorrectly.

52. Instead of conducting an independent investigation of GANDARILLAS's dispute, TRANS UNION only contacted GMAC.

53. On 19 August 2010 TRANS UNION responded to the dispute and continued to report incorrectly the GMAC MORTGAGE account, including reporting that the balance on the account was $0.

54. On 24 August 2010 GANDARILLAS disputed to TRANS UNION the GMAC MORTGAGE account.

55. Instead of conducting an independent investigation of GANDARILLAS's dispute, TRANS UNION only contacted GMAC.

56. On 2 September 2010 TRANS UNION communicated to GANDARILLAS that it considered his dispute frivolous and would no reinvestigate his dispute unless he provided TRANS UNION with additional information.

57. However, previously on 14 July 2010, GANDARILLAS had already provided to TRANS UNION a printout from the *National Data Center | Chapter 13 Bankruptcy* Claim Summary, his Chapter 13 Plan, and a recent GMAC MORTGAGE Statement substantiating his dispute.

58. On 8 September 2010 TRANS UNION responded to GANDARILLAS' dispute continuing to report the incorrect information about the GMAC MORTGAGE as "previously verified".

59. On 14 September 2010 GANDARILLAS called TRANS UNION to reopen the investigation about the GMAC MORTGAGE account.

60. Instead of conducting an independent investigation of GANDARILLAS's dispute, TRANS UNION only contacted GMAC.

61. On 17 September 2010 TRANS UNION sent GANDARILLAS a report still containing the incorrectly reported information.

62. On 23 September 2010 GANDARILLAS sent TRANS UNION a letter disputing the GMAC MORTGAGE account because it was listed as "closed" and also listed as an "Adverse Account" even though GANDARILLAS was <u>never late</u> paying on the account.

63. Instead of conducting an independent investigation of GANDARILLAS's dispute, TRANS UNION only contacted GMAC.

64. On 3 October 2010 TRANS UNION sent GANDARILLAS a report still containing the incorrectly reported information.

65. On 26 October 2010 GANDARILLAS wrote to TRANS UNION asking to receive proof that GMAC MORTGAGE had updated its information to correctly reflect the status of the account.

66. Instead of conducting an independent investigation of GANDARILLAS's dispute, TRANS UNION only contacted GMAC.

67. On 1 November 2010 TRANS UNION sent GANDARILLAS a report still containing the incorrectly reported information.

68. On 9 November 2010 GANDARILLAS wrote to TRANS UNION asking to receive proof that GMAC MORTGAGE had updated its information to correctly reflect the status of the account.

69. Instead of conducting an independent investigation of GANDARILLAS's dispute, TRANS UNION only contacted GMAC.

70. On 19 November 2010 TRANS UNION sent GANDARILLAS a report still containing the incorrectly reported information.

71. On 14 January 2011 GANDARILLAS wrote to TRANS UNION asking to correct the GMAC MORTGAGE account entry and the BAC HOME LOAN SERV LP account.  GANDARILLAS provided TRANS UNION with a copy of his credit report dated 11/01/2010 indicating the incorrectly reported information, a printout from the *National Data Center | Chapter 13 Bankruptcy* Claim Summary, his Chapter 13 Plan, a printout from the GMAC website showing his account history, and a copy of the Chapter 13 Discharge Order from the United States Bankruptcy Court for the Southern District of Florida.

72. Instead of conducting an independent investigation of

GANDARILLAS's dispute, TRANS UNION only contacted GMAC and BAC HOME LOAN.

73. On 26 January 20100 TRANS UNION sent GANDARILLAS a report still containing the incorrectly reported information.

74. On 1 October 2010 GANDARILLAS applied for a mortgage refinancing with Power 1 Credit Union and was denied credit based on a consumer report provided to Power 1 Credit Union by TRANS UNION.

75. At all relevant times, TRANS UNION reported the incorrect information about GANDARILLAS's to users of its consumer reports.

76. As a result of the reporting of the incorrect information in the consumer reports, GANDARILLAS has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, diminished credit reputation, decreased credit score, monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related actual and opportunity costs.

77. As a result of the reporting of the consumer information in the consumer reports, GANDARILLAS has suffered mental and emotional pain, humiliation and embarrassment.

78. TRANS UNION's investigations of GANDARILLAS's disputes

consisted of sending information to GMAC MORTGAGE, and BAC HOME LOANS and then letting GMAC MORTGAGE and BAC HOME LOANS do their own investigation, and then parroting the result of those investigations.

79. Thus, TRANS UNION did not independently investigate GANDARILLAS's disputes that the information in his consumer reports and consumer file was inaccurate.

80. Even though GANDARILLAS provided TRANS UNION with ample proof that the information it was reporting about him was inaccurate, TRANS UNION stuck to its procedure of merely parroting the results of the information it received from its furnishers of information.

81. Had TRANS UNION used a procedure whereby it conducted its own independent investigation--when faced with proof that the information supplied by its furnishers was inaccurate--TRANS UNION would not have reported inaccurate information about GANDARILLAS.

82. TRANS UNION' practice of merely parroting the results of its furnishers' investigations is not a reasonable procedure which assures maximum possible accuracy in the preparation of consumer reports and consumer files.

## Count I
### [EXPERIAN: Violation of 15 U.S.C. § 1681e(b)]

83. GANDARILLAS realleges and incorporates here paragraphs 1 through 5, 6 through 9, 14 and 15 through 45.

84. EXPERIAN violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and consumer file it published and maintained about GANDARILLAS.

85. As a result of the conduct, actions and inactions of EXPERIAN, GANDARILLAS has suffered and incurred damages.

86. The conduct, actions and inactions of EXPERIAN was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

87. In the alternative, EXPERIAN was negligent, entitling GANDARILLAS to recover damages according to 15 U.S.C. § 1681o.

88. GANDARILLAS is entitled to recover costs and attorney's fees from EXPERIAN in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## Coun II
### [EXPERIAN: Violation of 15 U.S.C. § 1681i(a)]

89. GANDARILLAS realleges and incorporates here paragraph 1 through 5, 6 through 9, 14 and 15 through 45.

90. EXPERIAN violated 15 U.S.C. § 1681i(a) by:

(i) failing to review and consider all relevant information submitted by GANDARILLAS concerning the dispute of the inaccurate information;

(ii) failing to delete inaccurate information in its file of GANDARILLAS after receiving actual notice of such inaccuracy;

(iii) failing to provide all relevant information received from GANDARILLAS to the furnisher of the information;

(iv) failing to conduct a reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from GANDARILLAS;

(v) failing to delete the inaccurate information contained in its file of GANDARILLAS after reinvestigation;

(vi) failing to maintain reasonable procedures with which to filter and verify disputed information in its consumer file of GANDARILLAS.

91. As a result of the conduct, actions and inactions of EXPERIAN, GANDARILLAS has suffered and incurred damages.

92. The conduct, actions and inactions of EXPERIAN was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

93. In the alternative, EXPERIAN was negligent, entitling GANDARILLAS to recover damages according to 15 U.S.C. § 1681o.

94. GANDARILLAS is entitled to recover costs and attorney's fees from EXPERIAN in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

**Count III**
**[TRANS UNION: Violation of 15 U.S.C. § 1681e(b)]**

95. GANDARILLAS realleges and incorporates here paragraphs 1 through 5, 10 through 13, 14, and 46 through 82.

96. TRANS UNION violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and consumer file it published and maintained about GANDARILLAS.

97. As a result of the conduct, actions and inactions of TRANS UNION, GANDARILLAS has suffered and incurred damages.

98. The conduct, actions and inactions of TRANS UNION was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

99. In the alternative, TRANS UNION was negligent, entitling GANDARILLAS to recover damages according to 15 U.S.C. § 1681o.

100. GANDARILLAS is entitled to recover costs and attorney's fees from TRANS UNION in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

**Count IV**
**[TRANS UNION: Violation of 15 U.S.C. § 1681i(a)]**

101. GANDARILLAS realleges and incorporates here paragraphs 1 through

5, 10 through 13, 14, and 46 through 82.

102.  TRANS UNION violated 15 U.S.C. § 1681i(a) by:

(i) failing to review and consider all relevant information submitted by GANDARILLAS concerning the dispute of the inaccurate information;

(ii) failing to delete inaccurate information in its file of GANDARILLAS after receiving actual notice of such inaccuracy;

(iii) failing to provide all relevant information received from GANDARILLAS to the furnisher of the information;

(iv) failing to conduct a reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from GANDARILLAS;

(v) failing to delete the inaccurate information contained in its file of GANDARILLAS after reinvestigation;

(vi) failing to maintain reasonable procedures with which to filter and verify disputed information in its consumer file of GANDARILLAS.

103.  As a result of the conduct, actions and inactions of TRANS UNION, GANDARILLAS has suffered and incurred damages.

104.  The conduct, actions and inactions of TRANS UNION was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

105.  In the alternative, TRANS UNION was negligent, entitling

GANDARILLAS to recover damages according to 15 U.S.C. § 1681o.

106. GANDARILLAS is entitled to recover costs and attorney's fees from TRANS UNION in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## Relief Sought

WHEREFORE, GANDARILLAS demands judgment against Defendants for:

(i) actual, statutory and punitive damages;

(ii) attorney's fees and costs;

(iii) pre-judgment and post-judgment interest;

(iv) any other relief this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

107. Plaintiff demands trial by jury.

Dated: 2011-05-06
Coral Gables, Florida
Respectfully submitted,
/s/ Leo Bueno
Fla. Bar #: 716261
LEO BUENO, ATTORNEY, P.A.
P.O. Box 141679
Coral Gables, FL  33114-1679
305-669-5260; 305-328-9301 [fax]
Leo@BuenoLaw.com
*Attorney for Plaintiff CARLOS GANDARILLAS*

U:\CLIENTS\Gandarillas Carlos 0000\Gandarillas-FCRA-complaint-CRAs-and-furnishers.doc